IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ARTHUR SAVITZ,

   Plaintiff,         19cv0873
                ELECTRONICALLY FILED
    v.

CITIZENS BANK, N.A.,

   Defendant.

**MEMORANDUM OPINION**

Before the Court is Defendant's Motion to Compel Arbitration, or Alternatively, Dismiss Plaintiff's Complaint under Rule 12(b) or Rule 56. ECF 7 and ECF 8. Plaintiff filed a Response to the Motion (ECF 10) and Defendant filed a Reply. ECF 14. This matter is now ripe for adjudication.

**I. Relevant Facts**

The Court assumes all facts set forth herein are true, solely for the purpose of adjudicating this Motion.

Plaintiff brought this lawsuit against Defendant alleging that Defendant violated the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. 1601, *et seq.,* and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692, *et seq.* According to the Complaint, Plaintiff had a savings account and home Equity lines of credit with Defendant (collectively "Plaintiff's Accounts"). ECF 1. The home equity lines of credit are secured by Plaintiff's primary residence. Id.

Plaintiff alleges he was victim of fraud regarding these Accounts from July 27, 2018 through August 9, 2018. Id. The fraud involved unauthorized electronic transfers from Plaintiff's Accounts, and was part of a larger fraud scheme which was investigated by the FBI. Id. The total value of the unauthorized electronic transfers from Plaintiff's Accounts was $112,400.00. Id.

Plaintiff alleges that he notified Defendant of the fraudulent transfers via telephone on August 11, 2018, and in person on August 18, 2018. Id. In addition, Defendant was informed that local law enforcement and the FBI were investigating the fraud which Plaintiff had reported to Defendant twice in August. Id. Despite Plaintiff's alleged timely reporting of the fraud to Defendant, Plaintiff claims that Defendant failed to credit Plaintiff's Accounts for the $112,400.00 which in turn, caused Plaintiff to incur late fees, penalties, and interest. Id. Moreover, Defendant has purportedly attempted to collect the late fees, penalties, and interest from Plaintiff, as well as the $112,400.00 amount. Id.

Defendant's instant Motion argues that Plaintiff cannot bring this lawsuit before this Court due to an arbitration clause contained in Plaintiff's Personal Deposit Account Agreement (ECF 10-3, p. 30).

**II. Standard of Review**

    **A.    Motion to Compel Arbitration**

The United States Court of Appeals for the Third Circuit has held:

> Because "[a]rbitration is a matter of contract between the parties," a judicial mandate to arbitrate must be predicated upon the parties' consent. *Par–Knit Mills, Inc. v. Stockbridge Fabrics Co., Ltd.,* 636 F.2d 51, 54 (3d Cir. 1980). The Federal Arbitration Act (the "FAA"), 9 U.S.C. § 1, *et seq.,* enables the enforcement of a contract to arbitrate, but requires that a court shall be "satisfied that the making of the agreement for arbitration ... is not in issue" before it orders arbitration. *Id.* § 4. "In the event that the making of the arbitration agreement is in issue, then 'the court shall proceed

summarily to the trial' of that issue." *Par–Knit Mills,* 636 F.2d at 54 (quoting 9 U.S.C. § 4). "[T]he party who is contesting the making of the agreement has the right to have the issue presented to a jury." *Id.*

. . . Some of our cases "support the traditional practice of treating a motion to compel arbitration as a motion to dismiss for failure to state a claim upon which relief can be granted," under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Palcko v. Airborne Express, Inc.,* 372 F.3d 588, 597 (3d Cir. 2004). We have also said, however, that "when considering a motion to compel arbitration ... [a district court] should" employ "the standard used ... in resolving summary judgment motions pursuant to [Rule 56 of the Federal Rules of Civil Procedure]." *Par–Knit Mills,* 636 F.2d at 54 & n. 9; *see also Kaneff v. Del. Title Loans, Inc.,* 587 F.3d 616, 620 (3d Cir. 2009) ("A district court decides a motion to compel arbitration under the same standard it applies to a motion for summary judgment.").

\*        \*        \*

Although the FAA manifests "a congressional declaration of a liberal federal policy favoring arbitration agreements," *Moses H. Cone,* 460 U.S. at 24, 103 S.Ct. 927, "questions of arbitrability, including challenges to an arbitration agreement's validity, are presumed to be questions for judicial determination," *Quilloin v. Tenet HealthSystem Phila., Inc.,* 673 F.3d 221, 228 (3d Cir.2012); *see also First Options of Chi., Inc. v. Kaplan,* 514 U.S. 938, 944, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995) ("Courts should not assume that the parties agreed to arbitrate arbitrability unless there is 'clea[r] and unmistakabl[e]' evidence that they did so." (alterations in original) (quoting *AT & T Techs., Inc. v. Commc'ns Workers of Am.,* 475 U.S. 643, 649, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986))). Accordingly, "[b]efore a party to a lawsuit can be ordered to arbitrate and thus be deprived of a day in court, there should be an express, unequivocal agreement to that effect." *Par–Knit Mills,* 636 F.2d at 54.

*Guidotti v. Legal Helpers Debt Resolution, L.L.C*., 716 F.3d 764, 771–72, 773 (3d Cir. 2013).

### B. Rule 12(b)(6)

Under Rule 12(b)(6), a Complaint must be dismissed for "failure to state a claim upon which relief can be granted." Detailed factual pleading is not required – Rule 8(a)(2) calls for a "short and plain statement of the claim showing that the pleader is entitled to relief" – but a Complaint must set forth sufficient factual allegations that, taken as true, set forth a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard does not

3

require a showing of probability that a claim has merit, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007), but it does require that a pleading show "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Determining the plausibility of an alleged claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679

Building upon the landmark United States Supreme Court decisions in *Twombly* and *Iqbal*, the United States Court of Appeals for the Third Circuit explained that a District Court must undertake the following three steps to determine the sufficiency of a complaint:

First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013) (citation omitted).

The third step requires this Court to consider the specific nature of the claims presented and to determine whether the facts pled to substantiate the claims are sufficient to show a "plausible claim for relief." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013); *see also Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (In reference to third step, "where there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.").

When adjudicating a Motion to Dismiss for failure to state a claim, the Court must view all of the allegations and facts in the Complaint in the light most favorable to the plaintiff, and must grant the plaintiff the benefit of all reasonable inferences that can be derived therefrom. *Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007) (quoting *Evancho v. Fisher*, 423 F.3d 347,

4

350 (3d Cir. 2005)).  However, the Court need not accept inferences or conclusory allegations that are unsupported by the facts set forth in the complaint.  See *Reuben v. U.S. Airways, Inc.*, 500 F. App'x 103, 104 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (stating that District Courts "must accept all of the Complaint's well-pleaded facts as true, but may disregard any legal conclusions").  "While legal conclusions can provide the framework of a Complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664.

This Court may not dismiss a Complaint merely because it appears unlikely or improbable that Plaintiff can prove the facts alleged or will ultimately prevail on the merits. *Twombly*, 550 U.S. at 563 n.8.  Instead, this Court must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements.  *Id.* at 556.  Generally speaking, a Complaint that provides adequate facts to establish "how, when, and where" will survive a Motion to Dismiss.  *Fowler,* 578 F.3d at 212.

In short, a Motion to Dismiss should be granted if a party fails to allege facts, which could, if established at trial, entitle him/her to relief.  *Twombly*, 550 U.S. at 563 n.8.

**III. Analysis**

In this case, Plaintiff did not attach a copy of the Personal Deposit Account Agreement to his Complaint.  ECF 1.  However, Defendant did attach this document to its employee's affidavit, which it filed in support of its Motion to Compel Arbitration.  ECF 10-3.  Because of Plaintiff's omission, and Defendant's inclusion of the Agreement, Plaintiff contends that under *Guidotti* and its progeny, the parties must engage in discovery to determine whether the arbitration clause of the Personal Deposit Account Agreement applies to Plaintiff's asserted claims set forth in his Complaint.  ECF 12.

5

In addition, Plaintiff argues that even if the arbitration clause of his Personal Deposit Account Agreement was apparent from the face of his Complaint, Plaintiff contends his claims lie beyond the scope of the arbitration clause set forth in the Agreement. Id. In short, Plaintiff asserts that his claims are not arbitrable claims anticipated by the terms of the Personal Deposit Account Agreement, and requests that this Court determine if the claims he raised in his Complaint are indeed arbitrable. Id.

In response to these arguments, Defendant argues that "the parties entered into a valid Arbitration Agreement and because Plaintiff's claims fall within the scope of that Agreement, this Court should compel Plaintiff to arbitrate his claims." ECF 14. However, as noted, Plaintiff contests the applicability of the arbitration clause of the Personal Deposit Account Agreement to Plaintiff's asserted claims.

The Court finds at this juncture of the legal proceedings, pursuant to *Guidotti*, it must determine whether the arbitration clause of the Personal Deposit Account Agreement applies to Plaintiff's specific claims set forth in his Complaint. Thus, the Parties will be granted limited discovery to assist the Court in determining this narrow issue.

Accordingly, Defendant's Motion to Compel Arbitration or Alternatively, Dismiss Plaintiff's Complaint under Rule 12(b) or Rule 56 (ECF 7) will be denied, without prejudice to refile after limited discovery is conducted and concluded (by November 29, 2019), on the narrow issue of whether Plaintiff's specific claims are subject to and controlled by the arbitration clause of the Personal Deposit Account Agreement. An appropriate Order shall follow.

                                                      s/ Arthur Schwab
                                                      Arthur J. Schwab
                                                      United States District Judge

cc:     All ECF Registered Counsel of Record