**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ARTHUR SAVITZ, | : | CIVIL ACTION NO. 2:19-cv-00873-AJS |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CITIZENS BANK, N.A., | : | |
| | : | |
| Defendant. | : | JURY TRIAL DEMANDED |

<u>**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S RENEWED
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**</u>

Plaintiff, Arthur Savitz, by and through his attorneys, Maiello Brungo & Maiello, LLP, hereby submits this Brief in Opposition in response to Defendant's Renewed Motion to Dismiss Plaintiff's Complaint.  Plaintiff concedes that Count II of the Complaint should be dismissed.  For the following reasons, the remainder of Defendant's Motion must be denied.

**I.     FACTUAL BACKGROUND**

The following is a summary of the relevant facts set forth in the Complaint that must be accepted as true by the Court for the purpose of deciding Defendant's Motion to Dismiss[1]:

As of August 2018, Plaintiff had various accounts with Defendant, including a Savings Account ending in 0315 and Home Equity Lines of Credit ending in 0614 and 5867 ("Accounts").  (Doc. 1, ¶ 9)  Plaintiff and Defendant entered into written agreements regarding the Accounts.  (Doc. 1, ¶ 11)  Plaintiff was not aware, and was never informed by Defendant, that the Accounts could be electronically accessed. (Doc. 1, ¶ 12)   Plaintiff never authorized any person to

---

[1] A District Court must accept all of the complaint's well-pleaded facts as true when deciding a Motion to Dismiss filed pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure.  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 677 (2009)

306391,12989.2

electronically access the Accounts at any time.  (Doc. 1, ¶ 13) Plaintiff never authorized any person to draw any funds from the Accounts at any time.  (Doc. 1, ¶ 14)

Plaintiff was a victim of fraud regarding the Accounts, which resulted in theft that occurred through various transactions beginning on July 27, 2018 and ending on or about August 9, 2018. (Doc. 1, ¶ 15)  The fraud involved unauthorized electronic transfers from the Accounts and was part of a larger wire fraud scheme according to the Federal Bureau of Investigation ("FBI"). (Doc. 1, ¶ 16)  Plaintiff reported the fraud to Defendant by telephone to the Citizens Bank Monroeville Branch on August 11, 2018, and in person at the Citizens Bank Oakmont Branch on August 18, 2018. (Doc. 1, ¶ 18)  Defendant had knowledge that the fraud was initially reported to local law enforcement. (Doc. 1, ¶ 20)  Defendant also has knowledge that the fraud is currently being investigated by the FBI.  (Doc. 1, ¶ 21)

On or about September 18, 2018, Plaintiff received notice of the assignment of a claim number from the Citizens Bank Fraud Department. (Doc. 1, ¶ 23)  Despite the fraud being timely reported by Plaintiff, Defendant did not credit the Accounts for the Theft Amount. (Doc. 1, ¶ 24) Despite the fraud being timely reported by Plaintiff, Defendant has assessed and applied late fees, penalties, and interest to the Accounts ("Additional Fees") on the Theft Amount. (Doc. 1, ¶ 25)

Since September 2018, Defendant has continuously attempted to collect on the Additional Fees and the Theft Amount via mailing Plaintiff monthly statements for the Accounts and frequently contacting him by telephone.   (Doc. 1, ¶ 27)   Since September 2018, Plaintiff has directly disputed to Defendant on several occasions, both in person, by telephone, and in writing, that any monies are owed to Defendant as a result of the fraud, including the Additional Fees and the Theft Amount.  (Doc. 1, ¶ 28)  On March 22, 2019, Plaintiff, through his counsel, specifically advised Defendant that their continued attempts to collect a disputed debt, which entirely arises

from the result of criminal activity perpetrated upon Plaintiff, violated federal laws, including debt and collection laws as identified herein.  (Doc. 1, ¶ 29)

Plaintiff provided notice of the fraud and the unauthorized electronic funds transfer from the Accounts to Defendant within sixty (60) days of the occurrence of the fraudulent activity. (Doc. 1, ¶ 35)   Defendant has failed to reimburse Plaintiff any amount despite its knowledge of the fraud and the unauthorized electronic transfers from the Accounts.  (Doc. 1, ¶ 38)  Despite being notified of the fraud and the unauthorized electronic transfer of funds by Plaintiff, Defendant continues to attempt to collect on the Alleged Debt, including unsolicited telephone calls and mailing of documentation, including monthly billing statements and the Act 91 notice, to Plaintiff. (Doc. 1, ¶ 48)    Plaintiff has notified Defendant in writing on several occasions since the fraud occurred that he disputes Alleged Debt, including the Additional Fees.  (Doc. 1, ¶ 55)    Defendant has failed to make the appropriate corrections to the Accounts.  (Doc. 1, ¶ 56)  Defendant continues to attempt to collect on amounts for the Accounts that are incorrect.  (Doc. 1, ¶ 57)

## II.   STATEMENT OF ISSUES PRESENTED

**A.  Whether the Complaint sets forth a plausible claim for relief under the Electronic Funds Transfer Act, 15 U.S.C. §§ 1601, *et seq.* ("EFTA")?**

**[suggested answer in the affirmative]**

**B.  Whether the Complaint sets forth a plausible claim for relief under the Fair Credit Billing Act, 15 U.S.C. §§ 1601, *et seq.* ("FCBA")?**

**[suggested answer in the affirmative]**

## III.  STANDARD OF REVIEW

In a motion to dismiss for failure to state a claim, the defendant bears the burden of showing that no claim has been presented. Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005) (citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991). Courts are directed to "accept all factual allegations as true, construe the complaint in the light most

favorable to the plaintiff, and determine, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 233 (3d Cir. 2008).

When reviewing a complaint pursuant to a defendant's motion to dismiss for failure to state a claim filed under Federal Rule of Civil Procedure 12(b)(6), the court does so in the context of the requirement of Federal Rule of Civil Procedure 8(a)(2) which requires only "a short and plain statement of the claims showing that the pleader is entitled to relief." The "short and plain statement" must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Conley v. Gibson</u>, 355 U.S. 41 (1957), *abrogated on other grounds by* <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 433 (2007).  <u>Twombly</u> confirmed that more is required than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Twombly</u>, 550 U.S. at 555.  "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all allegations in the complaint are true (even if doubtful in fact)." <u>Id</u>.

In <u>McTernan v. City of York</u>, 577 F.3d 521, 530 (3d Cir.2009), the Third Circuit Court of Appeals set out the standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions in <u>Twombly</u>, 550 U.S. 433 (2007), and <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009).  "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.'" <u>Twombly</u>, 550 U.S. at 570). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss."  <u>McTernan</u>, 577 F.3d at 530.  <u>Iqbal</u> explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 556 U.S. at 678.

The Third Circuit Court of Appeals *also* discussed the effects of Twombly and Iqbal in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim:

> [D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated.  The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief.  In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to show such an entitlement with its facts. As the Supreme Court instructed in *Iqbal,* [w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief. This plausibility determination will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (internal citations and quotations omitted)

**IV.    ARGUMENT**

**A. The Complaint sets forth a plausible claim for relief under the Electronic Funds Transfer Act, 15 U.S.C. §§ 1601, *et seq.* ("EFTA").**

According to 15 U.S.C. § 1693(b), the purpose of the EFTA is the provision of "a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic fund and remittance transfer systems," with the "primary objective" being "the provision of individual consumer rights." The statute covers a wide range of electronic money transfers—from ATM withdrawals and debit-card payments to banking by phone, and subjects them to a litany of procedural requirements designed to protect consumers from transactions made in error or without their consent. Wike v. Vertrue, Inc., 566 F.3d 590, 592 (6th Cir.2009). As 15 U.S.C. § 1693m makes clear, individual consumers may bring a civil action for actual or statutory damages against anyone who fails to comply with any provision of EFTA, provided, however, that the action be brought within one year from the date of the occurrence of the violation. 15 U.S.C. § 1693m(g). See also, Golden–Koether v. JP Morgan Chase Bank, N.A., 2011 WL 6002979

(D.N.J. Nov. 29, 2011) ("EFTA provides a private cause of action for a consumer to seek damages for financial institutions' unauthorized electronic transfer of funds from the consumer's account." (citing <u>Raine v. Reed</u>, 14 F.3d 280, 283 (5th Cir.1994)).

Defendant argues that the Complaint does not plead sufficient facts to support that the alleged transfers were "electronic" or that a "transfer" occurred.  To the contrary, the Complaint sets forth ample facts to support this claim as follows:

Plaintiff never authorized any person to electronically access the Accounts at any time. (Doc. 1, ¶ 13) Plaintiff never authorized any person to draw any funds from the Accounts at any time.  (Doc. 1, ¶ 14)  Plaintiff was a victim of fraud regarding the Accounts, which resulted in theft that occurred through various transactions beginning on July 27, 2018 and ending on or about August 9, 2018. (Doc. 1, ¶ 15)  The fraud involved unauthorized electronic transfers from the Accounts and was part of a larger wire fraud scheme according to the Federal Bureau of Investigation ("FBI"). (Doc. 1, ¶ 16)  Plaintiff reported the fraud to Defendant by telephone to the Citizens Bank Monroeville Branch on August 11, 2018, and in person at the Citizens Bank Oakmont Branch on August 18, 2018. (Doc. 1, ¶ 18)  Defendant had knowledge that the fraud was initially reported to local law enforcement. (Doc. 1, ¶ 20)  Defendant also has knowledge that the fraud is currently being investigated by the FBI.  (Doc. 1, ¶ 21)

The Theft Amount is $112,400.00.  (Doc. 1, ¶ 36)  Plaintiff's liability for the unauthorized transfers cannot exceed $50.00 since timely notice was provided to Defendant.   (Doc. 1, ¶ 37)  Defendant has failed to reimburse Plaintiff any amount despite its knowledge of the fraud and the unauthorized electronic transfers from the Accounts.  (Doc. 1, ¶ 38)  Defendant's failure to reimburse Plaintiff the Theft Amount and limit Plaintiff's liability to $50.00 is a violation of Section 1693g of EFTA. (Doc. 1, ¶ 39)

These facts, together with all facts alleged in the Complaint, unequivocally satisfy the standard set forth in <u>Twombly</u> and <u>Iqbal</u>.  When construed in a light most favorable to Plaintiff,

6

306391,12989.2

these facts clearly set forth a plausible claim for a relief, i.e. a violation of EFTA by Defendant based upon the facts that there was an electronic transfer of Plaintiff's funds that he did not authorize and Defendant's failure to reimburse him under the relevant EFTA provisions. Therefore, Defendant's Motion as to the dismissal of Count I of the Complaint must be denied.

**B. The Complaint sets forth a plausible claim for relief under the Fair Credit Billing Act, 15 U.S.C. §§ 1601, *et seq.* ("FCBA").**

The FCBA requires creditors to investigate and correct any charges erroneously billed to a consumer's account if, within 60 days of the issuance of the statement containing those charges, the creditor receives written notice from the consumer of the alleged errors. 15 U.S.C. § 1666(a). The written notice must be sent to the address specified by the creditor for the submission of billing disputes at the time the consumer opened the account. 15 U.S.C. § 1666(a)(cross-referencing 15 U.S.C. § 1637(b)(10), which requires creditors to specify such an address). The substance of the notice provided by the consumer must contain three elements: (1) information that allows the creditor to ascertain the consumer's name and account number, (2) an indication that the consumer believes the statement contains a billing error and the amount of that error, and (3) the reasons for the consumer's belief. 15 U.S.C. § 1666(a)(1)-(3).

The Complaint sets forth a plausible claim for relief for a violation of the FCBA based upon the following facts:

Plaintiff reported the fraud to Defendant by telephone to the Citizens Bank Monroeville Branch on August 11, 2018, and in person at the Citizens Bank Oakmont Branch on August 18, 2018.  (Doc. 1, ¶ 18)   The fraud was also reported to local law enforcement and the matter continues to be investigated by the FBI.  (Doc. 1, ¶ 19)   Defendant had knowledge that the fraud was initially reported to local law enforcement.  (Doc. 1, ¶ 20)   Defendant also has knowledge that the fraud is currently being investigated by the FBI.  (Doc. 1, ¶ 21)

Upon information and belief, Defendant cooperated with law enforcement regarding the investigation.  (Doc. 1, ¶ 22)   On or about September 18, 2018, Plaintiff received notice of the

assignment of a claim number from the Citizens Bank Fraud Department. (Doc. 1, ¶ 23) Despite the fraud being timely reported by Plaintiff, Defendant did not credit the Accounts for the Theft Amount. (Doc. 1, ¶ 24) Despite the fraud being timely reported by Plaintiff, Defendant has assessed and applied late fees, penalties, and interest to the Accounts ("Additional Fees") on the Theft Amount. (Doc. 1, ¶ 25) The Additional Fees have been applied to the Accounts by Defendant since the fraud was reported in August 2018. (Doc. 1, ¶ 26)

Plaintiff provided notice of the fraud and the unauthorized electronic funds transfer from the Accounts to Defendant within sixty (60) days of the occurrence of the fraudulent activity. (Doc. 1, ¶ 35) Defendant has failed to reimburse Plaintiff any amount despite its knowledge of the fraud and the unauthorized electronic transfers from the Accounts. (Doc. 1, ¶ 38) Despite being notified of the fraud and the unauthorized electronic transfer of funds by Plaintiff, Defendant continues to attempt to collect on the Alleged Debt, including unsolicited telephone calls and mailing of documentation, including monthly billing statements and the Act 91 notice, to Plaintiff. (Doc. 1, ¶ 48) Plaintiff has notified Defendant in writing on several occasions since the fraud occurred that he disputes Alleged Debt, including the Additional Fees. (Doc. 1, ¶ 55) Defendant has failed to make the appropriate corrections to the Accounts. (Doc. 1, ¶ 56) Defendant continues to attempt to collect on amounts for the Accounts that are incorrect. (Doc. 1, ¶ 57)

These facts, together with all facts alleged in the Complaint, unequivocally satisfy the standard set forth in Twombly and Iqbal. When construed in a light most favorable to Plaintiff, these facts clearly set forth a plausible claim for a relief, i.e. a violation of FCBA by Defendant based upon the facts that it was provided timely written notice by Defendant of the fraud and it failed to correct the billing statements. Therefore, Defendant's Motion as to the dismissal of Count III of the Complaint must be denied.

306391,12989.2

**V.**   **CONCLUSION**

For the good and sound reasons advanced hereinabove, Defendant's Motion to Dismiss must be denied as to Counts I and III of the Complaint.

RESPECTFULLY SUBMITTED,


MAIELLO, BRUNGO & MAIELLO, LLP

BY:    */s/Gary H. Dadamo*
          Gary H. Dadamo, Esquire
          Pa. I.D. #93292
          ghd@mbm-law.net

          *Attorney for Plaintiff*

9

## **CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on this 13th day of December, 2019, I electronically filed the foregoing **BRIEF IN OPPOSITION TO DEFENDANT'S RENEWD MOTION TO DISMISS** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

Perry A. Napolitano, Esq.
Justin Kontul, Esq.
*Attorneys for Defendant*

RESPECTFULLY SUBMITTED,

MAIELLO, BRUNGO & MAIELLO, LLP

BY:      */s/Gary H. Dadamo*
Gary H. Dadamo, Esquire
Pa. I.D. #93292
ghd@mbm-law.net

*Attorney for Plaintiff*

10