UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| ARTHUR SAVITZ, | : | |
| --- | --- | --- |
| | : | |
| Plaintiff, | : | No.: 2:19-cv-00873-AJS |
| | : | |
| vs. | : | |
| | : | |
| CITIZENS BANK, N.A., | : | Electronically Filed |
| | : | |
| Defendant. | : | |

**DEFENDANT CITIZENS BANK, N.A.'S REPLY BRIEF
IN SUPPORT OF RENEWED MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Plaintiff's Brief in Opposition ("Opposition"), Dkt. 23, fails to adequately address the arguments raised in Defendant Citizens Bank, N.A.'s ("Citizens") Renewed Motion to Dismiss. Notably, Plaintiff ignores his failure to plead facts relating to the essential elements of his claims and, instead, continues to "merely advance speculative legal conclusions couched as fact." *See Pezzoli v. Allegheny Ludlum Corp.*, 10-cv-0427, 2010 U.S. Dist. LEXIS 72734, at *2 (W.D. Pa. July 20, 2010) (Schwab, J.). Therefore, the Court should dismiss Plaintiff's Complaint with prejudice.[1]

**I.      PLAINTIFF DOES NOT ALLEGE FACTS TO SUPPORT AN EFTA CLAIM.**

Plaintiff's Opposition does nothing to save his Electronic Funds Transfer Act ("EFTA") claim. First, the EFTA applies only to electronic funds transfers, which are defined as "transfer[s] of funds . . . initiated through an electronic terminal, telephonic instrument, or computer or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account." 15 U.S.C.A. §§ 1693(b), 1693g, 1693a(7) (West 2019). Rather than identifying alleged

---

[1]      Plaintiff concedes that Count II of the Complaint under the Fair Debt Collection Practices Act must be dismissed. *See* Dkt. 23 at 1.

facts supporting the notion that a requisite electronic funds transfer occurred here, Plaintiff cites to portions of the Complaint that vaguely reference "electronic[] access" and "unauthorized electronic transfers." Dkt. 23 at 6-7. However, Plaintiff's conclusory use of these terms is not entitled to an assumption of truth and is insufficient to plausibly allege an electronic funds transfer to which the EFTA applies. *See, e.g., Shields v. HSBC Bank USA, Nat'l Ass'n*, No. 13-2955-ST-DKY, 2014 WL 1338897, at *6 (W.D. Tenn. Mar. 28, 2014) (dismissing EFTA claim because plaintiff failed to factually allege that the transaction constituted an electronic funds transfer).

Second, Plaintiff fails to allege that any electronic transfer involved an "account" under the EFTA. As explained in Citizens' Brief in Support, the EFTA does not apply to lines of credit. *See* Dkt. 21 at 5-6. Plaintiff ignores this issue entirely, further confirming that he has not stated an EFTA claim. Thus, Plaintiff's EFTA claim should be dismissed.

## II.    PLAINTIFF DOES NOT ALLEGE FACTS TO SUPPORT A FCBA CLAIM.

To state a claim under the Fair Credit Billing Act ("FCBA"), Plaintiff must allege that he sent Citizens **written** notice of a billing error to the **address designated by Citizens** and **within sixty days** of the transmittal of the account statement containing the disputed amounts. *See* 15 U.S.C.A. § 1666(a) (West 2019). While Plaintiff dances around this issue, Dkt. 23 at 7-8, he fails to allege that he provided the requisite written notice.

For example, when Plaintiff mentions providing written notice, Compl. ¶¶ 28, 55; Dkt. 23 at 8, he does not allege that this notice was provided to Citizens within sixty days after Citizens transmitted the account statement to Plaintiff containing the disputed amounts. And while Plaintiff claims that he reported fraud to Citizens telephonically and in person within sixty days, Dkt. 23 at 8, non-written notice is insufficient under the FCBA. *See* 15 U.S.C.A. § 1666(a). Further, although he acknowledges that the written notice must be sent to the address designated by Citizens for the receipt of such complaints, Plaintiff does not point to any allegation in the Complaint that

fulfills this requirement. *See* 15 U.S.C.A. § 1666(a), Dkt 23 at 8; *see also Marcotte v. Gen. Elec. Capital Servs., Inc.*, No. 08CV1766 BTM (WMC), 2009 WL 10671521, at *6 (S.D. Cal. Aug. 31, 2009) (dismissing FCBA claim because Plaintiff sent complaint letter to incorrect address). Therefore, Plaintiff's FCBA claim should be dismissed.

### III.  CONCLUSION

Plaintiff's Complaint should be dismissed in its entirety with prejudice because it fails to state any valid claim.

DATED this the 18th day of December, 2019.

/s/ *Justin J. Kontul*
Justin J. Kontul (PA 206026)
jkontul@reedsmith.com
Perry A. Napolitano (PA 56789)
pnapolitano@reedsmith.com

**REED SMITH LLP**
Reed Smith Centre
225 Fifth Avenue, Suite 1200
Pittsburgh, PA 15222-2716
Telephone: +1 412 288 3131
Facsimile: +1 412 288 3063

*Counsel for Defendant*

# CERTIFICATE OF SERVICE

I hereby certify that on December 18, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send notification of such filing to counsel or parties of record electronically by CM/ECF.

/s/ *Justin J. Kontul*
Justin J. Kontul (PA 206026)
jkontul@reedsmith.com
Perry A. Napolitano (PA 56789)
pnapolitano@reedsmith.com

**REED SMITH LLP**
Reed Smith Centre
225 Fifth Avenue, Suite 1200
Pittsburgh, PA 15222-2716
Telephone: +1 412 288 3131
Facsimile: +1 412 288 3063

*Counsel for Defendant*