IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ARTHUR SAVITZ,

          Plaintiff,                          19cv0873
                                            ELECTRONICALLY FILED

                v.

CITIZENS BANK, N.A.,

          Defendant.

**MEMORANDUM ORDER OF COURT**

Before the Court is Defendant's Renewed Motion to Dismiss Plaintiff's Complaint and

Brief in Support of same.  ECF 20 and ECF 21.  Plaintiff filed a Brief in Opposition (ECF 23),

and Defendant filed a Reply (ECF 24) making the matter ripe for disposition.   After careful

consideration of the arguments the Court will grant in part and deny in part the Renewed Motion

to Dismiss for the reasons set forth herein.

**I. Standard of Review - Rule 12(b)(6)**

Under Rule 12(b)(6), a Complaint must be dismissed for "failure to state a claim upon

which relief can be granted."  Detailed factual pleading is not required – Rule 8(a)(2) calls for a

"short and plain statement of the claim showing that the pleader is entitled to relief" – but a

Complaint must set forth sufficient factual allegations that, taken as true, set forth a plausible

claim for relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The plausibility standard does not

require a showing of probability that a claim has merit, *Bell Atlantic Corp. v. Twombly*, 550 U.S.

544, 556 (2007), but it does require that a pleading show "more than a sheer possibility that a

defendant has acted unlawfully."  *Iqbal*, 556 U.S. at 678.  Determining the plausibility of an

alleged claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679

Building upon the landmark United States Supreme Court decisions in *Twombly* and *Iqbal*, the United States Court of Appeals for the Third Circuit explained that a District Court must undertake the following three steps to determine the sufficiency of a complaint:

> First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013) (citation omitted).

The third step requires this Court to consider the specific nature of the claims presented and to determine whether the facts pled to substantiate the claims are sufficient to show a "plausible claim for relief." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013); *see also Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (In reference to third step, "where there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.").

When adjudicating a Motion to Dismiss for failure to state a claim, the Court must view all of the allegations and facts in the Complaint in the light most favorable to the plaintiff, and must grant the plaintiff the benefit of all reasonable inferences that can be derived therefrom. *Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007) (quoting *Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005)). However, the Court need not accept inferences or conclusory allegations that are unsupported by the facts set forth in the complaint. See *Reuben v. U.S. Airways, Inc.*, 500 F. App'x 103, 104 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678); *Fowler v. UPMC*

*Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (stating that District Courts "must accept all of the Complaint's well-pleaded facts as true, but may disregard any legal conclusions"). "While legal conclusions can provide the framework of a Complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664.

This Court may not dismiss a Complaint merely because it appears unlikely or improbable that Plaintiff can prove the facts alleged or will ultimately prevail on the merits. *Twombly*, 550 U.S. at 563 n.8. Instead, this Court must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id.* at 556. Generally speaking, a Complaint that provides adequate facts to establish "how, when, and where" will survive a Motion to Dismiss. *Fowler,* 578 F.3d at 212.

In short, a Motion to Dismiss should be granted if a party fails to allege facts, which could, if established at trial, entitle him/her to relief. *Twombly*, 550 U.S. at 563 n.8.

## II. Procedural and Factual Background

As noted in the Court's prior Opinion (ECF 16), this Court assumes all facts set forth in Plaintiff's Complaint are true, solely for the purpose of adjudicating this Motion.

Plaintiff brought this lawsuit against Defendant alleging that Defendant violated the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. 1601, *et seq.,* and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692, *et seq.* According to the Complaint, Plaintiff had a savings account and Home Equity Lines of Credit ("HELOCs") with Defendant (collectively "Plaintiff's Accounts"). ECF 1. The HELOCs are secured by Plaintiff's primary residence. Id.

Plaintiff alleges he was victim of fraud regarding these Accounts from July 27, 2018 through August 9, 2018. Id. The fraud involved unauthorized electronic transfers from Plaintiff's Accounts, and was part of a larger fraud scheme which was investigated by the FBI.

Id.  The total value of the unauthorized electronic transfers from Plaintiff's Accounts was $112,400.00.  Id.

Plaintiff alleges that he notified Defendant of the fraudulent transfers via telephone on August 11, 2018, and in person on August 18, 2018.  Id.  In addition, Defendant was informed that local law enforcement and the FBI were investigating the fraud which Plaintiff had reported to Defendant twice in August.  Id.  Despite Plaintiff's alleged timely reporting of the fraud to Defendant, Plaintiff claims that Defendant failed to credit Plaintiff's Accounts for the $112,400.00 which in turn, caused Plaintiff to incur late fees, penalties, and interest.  Id.  Moreover, Defendant has purportedly attempted to collect the late fees, penalties, and interest from Plaintiff, as well as the $112,400.00 amount.  Id.

Following the filing of the Complaint, Defendant filed a Motion to Compel Arbitration / Motion to Dismiss Complaint claiming that Plaintiff could not bring this lawsuit before this Court due to an arbitration clause contained in Plaintiff's Personal Deposit Account Agreement. In response to Defendant's arbitration argument, Plaintiff filed a Response in Opposition (ECF 12) and Defendant filed a Reply.  This Court, denying Defendant's Motion to Compel Arbitration held that:

> . . . at this juncture of the legal proceedings, pursuant to *Guidotti*, it must determine whether the arbitration clause of the Personal Deposit Account Agreement applies to Plaintiff's specific claims set forth in his Complaint. Thus, the Parties will be granted limited discovery to assist the Court in determining this narrow issue.

ECF 16.  Accordingly, the Court set a discovery deadline, allowing the Parties time to conduct limited discovery on the arbitration matter, but also denied Defendant's integrated Motion to Dismiss the Complaint without prejudice to refile same by December 2, 2019, after the conclusion of the limited discovery period.  ECF 17.

On December 2, 2019, Defendant filed the instant Renewed Motion to Dismiss Plaintiff's Complaint, noting that it was no longer pursing arbitration (See fn 2, ECF 21), but indicating that it was seeking a dismissal of Plaintiff's claims pursuant to Fed.R.Civ. P. 12(b)(6). The Court now examines Plaintiff's Complaint pursuant to Rule 12(b)(6) for failure to state a claim.

## III.     Analysis

### A. Plaintiff's Electronic Fund Transfer Act Claim

Count One of Plaintiff's Complaint asserts a claim for a violation of Section 1693g of the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. 1601. ECF 1. Plaintiff's Complaint states that from July 27, 2018 to August 9, 2018, his savings account and HELOC accounts were subjected to unauthorized electronic transfers totaling $112,400.00. Id. Plaintiff alleges that he notified Defendant of these unauthorized electronic transfers by telephone on August 11, 2018, and in person on August 18, 2018. Id. According to Plaintiff, these fraudulent transfers were or are the subject of an FBI investigation and Defendant is aware of same. Id. Despite Defendant's knowledge of the fraudulent nature of these electronic transfers, Defendant applied late fees, penalties and interest to Plaintiff's savings and HELOC accounts, and has "continuously attempted to collect on these additional fees as well as the fraudulently transferred amount." Id.

Defendant asserts in its Renewed Motion that Plaintiff's Complaint lacks the factual specificity required under an *Iqbal/Twombly* analysis. ECF 21. Specifically, Defendant contends that Plaintiff fails to allege facts necessary to show that the funds which were fraudulently withdrawn from his savings and HELOC accounts were true "electronic" transfers as the term "electronic" is defined by EFTA. Presumably, Defendant is looking for Plaintiff to state that the $112,400.00 which were withdrawn from his savings and HELOC accounts were not withdrawn by way of a check, draft, or similar paper instrument. Defendant argues that by

using the word "electronic" in connection with the word "transfer," Plaintiff has not made factual allegation; rather, he has set forth a legal conclusion. The Court disagrees.

First, as noted by Plaintiff, the EFTA provides a cause of action for a wide variety of electronic transfers — from utilization of ATMs, debit-cards, banking via the telephone, home computer or on-line banking "apps." The purpose of the EFTA is to establish the rights and liabilities for those entities and individuals who participate in "electronic fund and remittance transfer systems" with an eye toward consumer protection.

Second, Plaintiff pled that he did not authorize the transfer of funds from his savings and HELOC accounts. He alleges that the funds missing from his accounts are part of an FBI investigation, of which Defendant is aware. If Plaintiff knew precisely how the funds were transferred out of his accounts, he would know as much or more, perhaps, than the FBI. The Court finds that Plaintiff's averments that he did not authorize the electronic transfer of $112,400.00 from his savings and HELOC accounts affords Defendant the most factual information Plaintiff can presently provide. These allegations which Defendant labels as legal conclusions places Defendant on notice that Plaintiff did not authorize the removal of $112,400.00 from his accounts, and that he asserts that the unauthorized withdraw of those funds was perpetrated via an electronic means. Plaintiff will (obviously) need to prove these facts in order to ultimately prevail on his EFTA claim, but for now, the Court finds that Defendant has sufficient factual evidence to mount a defense against Plaintiff's EFTA claim.

**B. Plaintiff's Fair Debt Collection Practices Act Claim**

Next, Defendant contends that the Fair Debt Collection Practices Act only applies to "debt collectors" and Plaintiff's Complaint fails to allege that Defendant is a debt collector. The Court also finds no allegation in the Complaint that alleges this threshold requirement — namely

that Defendant is a debt collector.  Finally, Plaintiff failed to respond to Defendant's argument with respect to this claim and thus, the Court will dismiss this claim.

### C.  Plaintiff's Fair Credit Billing Act Claim.

Finally, Defendant argued that Plaintiff's Complaint fails to allege that: (1) Plaintiff provided timely written notice to Defendant of the alleged "billing errors," and (2) that Defendants failed to timely acknowledge receipt of the written notice and and correct the errors or explain why were no errors.  Defendant claims that these failures are fatal to Plaintiff's Fair Credit Billing Act ("FCBA") claim.  15 U.S.C. 1601, *et seq*.

In response, Plaintiff argues that he provided two forms of timely notice to Defendant – one oral notification when he placed a telephone call to one of Defendant's branch offices and a second oral notification when he appeared in person to report the unauthorized electronic transfers from his accounts.  Plaintiff further argues that both modes of his notice to Defendant were timely made.   Finally, Plaintiff argues that despite his notice being oral, not written, Defendant's own Fraud Department assigned a claim number and notified Plaintiff of same.

Although Defendant is correct that the FCBA requires "written notice" of an error, the Court notes that the purpose behind 15 USCA § 1666 is to provide for "an orderly procedure for identifying and resolving disputes between a cardholder and a card issuer as to the amount due at any given time."  *Gray v. American Exp. Co.,* 743 F.2d 10 (U.S. App. D.C. 1984).  Because Defendant acted upon the notices provided by Plaintiff, it is clear to the Court that Defendant received adequate notice of a potential error.  For this reason, the Court will permit Plaintiff's FCBA claim to proceed.  To rule otherwise would be to empower credit institutions to accept a person's oral notice of an error, even lull the person into a false sense of security that the person had timely and properly notified the corporation of a perceived error, only to later claim that

despite launching an investigation into the alleged error, the credit institution was never properly notified – in writing – and thus, does not need to adhere to or honor the other portions of the FCBA.

**IV.     Conclusion**

The Court will grant Defendant's Motion with respect to Plaintiff's Fair Debt Collection Practices Act claim set forth in Count II of his Complaint.  The Court denies Defendant's Motion to Dismiss in all other respects.

SO ORDERED, this 10th day of December, 2020,

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:     All ECF Registered Counsel of Record